UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN LEAL CASTORENA,

        Petitioner,         CASE NO. 2:17-cv-13301

v.                                      HONORABLE DENISE PAGE HOOD
                                      MAGISTRATE JUDGE PATTI

SHAWN BREWER,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S APPLICATION FOR A
CERTIFICATE OF APPEALABILITY [10] AND DENYING
PETITIONER'S MOTION FOR PAUPER STATUS [11]</u>**

## I. INTRODUCTION

On October 9, 2017, petitioner Maryann Leal Castorena filed a habeas corpus petition challenging her convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a), conspiracy to commit first-degree premeditated murder, Mich. Comp. Laws §§ 750.157a and 750.316(1)(a), solicitation of first degree premeditated murder, Mich. Comp. Laws § 750.157b(2), and lying to a peace officer, Mich. Comp. Laws § 750.479c(2)(d). Her sole ground for relief was that propensity evidence regarding a prior conspiracy to commit arson was wrongfully admitted at her trial.

On June 29, 2018, the Court denied the habeas petition because Petitioner's claim was not cognizable on habeas review and because the state appellate court's

adjudication of her claim was not contrary to Supreme Court precedent or an unreasonable application of Supreme Court precedent. In the same opinion and order, the Court declined to issue a certificate of appealability.

Petitioner appealed the Court's judgment on July 25, 2018. Currently before this Court are Petitioner's application for a certificate of appealability and her motion for pauper status, both of which were filed on August 2, 2018.

## II. DISCUSSION

Petitioner's motion for pauper status (Docket No. 11) is denied as moot because Petitioner paid the appellate filing fee in full after she filed her motion for pauper status. *See* Docket No. 12. Petitioner's application for a certificate of appealability also is moot because the Court declined to issue a certificate of appealability in its dispositive opinion. *See* Docket No. 6.

To the extent Petitioner is seeking reconsideration of the denial of a certificate of appealability, the request is late under Local Rule 7.1(h)(1), because Petitioner filed it more than fourteen days after entry of the Court's judgment. Even if the request were deemed timely, Petitioner merely raises the same evidentiary issue that the Court has already ruled upon. The Court may not grant "motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." Local Rule 7.1(h)(3).

Petitioner attempts to justify her failure to file a supporting brief with her habeas petition by asserting that there was a substantial lack of communication between her and her habeas attorney. But "there is no constitutional right to counsel in habeas proceedings" and no right to relief "for ineffective or incompetent representation in post-conviction collateral review." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005); *see also Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir. 2003) (noting that "there is no constitutional right to competent habeas counsel").

## III. CONCLUSION

Petitioner has failed to show that the Court made a palpable defect in its prior decision and that correcting the defect will result in a different disposition of the case. Local Rule 7.1(h)(3); *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Petitioner also has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists could not disagree with the Court's resolution of her claim or conclude that her claim deserves encouragement to proceed further, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court, therefore, denies Petitioner's application for a certificate of appealability and implied request for reconsideration, Docket No. 10. The Court denies as moot Petitioner's motion for pauper status, Docket No. 11.

Dated: September 11, 2018        s/Denise Page Hood
                                                                Chief Judge U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2018, by electronic and/or ordinary mail.

                                     S/LaShawn R. Saulsberry
                                     Case Manager